IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 15-cv-463 |
| ILLINOIS FARMERS INSURANCE COMPANY doing business as FARMERS INSURANCE, and JAMES V. LOMBARDI INSURANCE AGENCY, INC., | ) ) ) ) ) ) ) | Honorable Judge Durkin Magistrate Judge Martin |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Scott Dolemba brings this action to secure redress for the placement of an illegal telemarketing call to his cell phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") and state law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331, *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), and 28 U.S.C. §1367.

3. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted or done business in Illinois.

1

   c. Are located in Illinois.

4. Venue in this District is proper for the same reason.

## PARTIES

5. Plaintiff Scott Dolemba is a resident of the Northern District of Illinois.

6. Defendant Illinois Farmers Insurance Company, doing business as Farmers Insurance is an Illinois corporation. Its principal offices are at 2245 Sequoia Drive, Aurora, Illinois 60506.

7. Defendant James V. Lombardi Insurance Agency, Inc., is an Illinois corporation. Its registered agent and office is Christopher R. D'Andrea, 53 W. Jackson Blvd., Suite 260, Chicago, Illinois 60604.

## FACTS

8. On January 15, 2015, at 8:28 a.m., plaintiff received an automated telephone call from 630-537-0189 on his cell phone. (Exhibit A) This is plaintiff's only telephone.

9. The call played a recording inviting the recipient to attend a "town hall" call offering a business opportunity promoting the commercial availability of insurance, goods, intangibles and services as set forth below.

10. One who dials the number gets a recorded message from Jim Lombardi, authorized agent and district manager of Farmers Insurance (Exhibit B-C), referencing Farmers and inviting the recipient to attend a "town hall" call offering a business opportunity involving the sale of insurance, goods, intangibles (including insurance, annuities, mutual funds, shopping services, and investment products) and services.

11. The business opportunity is offered by Farmers Insurance, not Lombardi.

Farmers Insurance, not Lombardi, has to appoint new Farmers Insurance agents. It involves the prospect of creating a Farmers Insurance agency business for the benefit of Farmers and at the expense of the agent.

12. The business opportunity requires the new agent to acquire goods and services and expend money and time to or for the benefit of Illinois Farmers Insurance Company, including, but not limited to: (a) obtaining Farmers insurance for their own use, including both personal insurance ("[y]ou can't sell a Chevy while driving a Ford!") and an errors and omissions policy; (b) training, including travel and attendance at meetings and events; (c) obtaining insurance licences (life, health, property, casualty) and securities licenses (series 6 and 63); and completing training courses necessary for licensure; (c) purchasing of literature for training purposes; (d) solicitation of business including purchase of leads; engaging in advertising including mass mailing and telemarketing, all for the benefit of Farmers; (e) securing facilities / office space in order to effectively furnish insurance services; (f) hiring support staff to handle Farmers business; (g) obtaining computer(s), telephone line(s); business cards; (h) purchasing keychains, mugs calendars magnets, etc. with Farmers' logo for promotional purposes; and (i) providing Farmers with a fidelity bond.

13. An example of the typical requirements from a District Manager for a new agent are attached as <u>Exhibit D</u>. On information and belief, these are standard throughout the Farmers system.

14. A sample of an Agency Appointment Agreement is attached as <u>Exhibit E</u>. On information and belief, similar agreements are in effect trough the present.

15. As part of the offering of the business opportunity, Illinois Farmers Insurance

3

Company makes known the commercially availability of its property and services, including insurance and training. Illinois Farmers seeks to promote the commercially availability of its products, property and services as opposed to those of competing insurers.

16. Illinois Farmers Insurance Company holds James V. Lombardi Insurance Agency out as its authorized agent. (Exhibit B)

17. Plaintiff saw Exhibits B-C.

18. Plaintiff reasonably believed that the call came from a representative of Farmers Insurance acting on behalf of Farmers Insurance, with its authority.

19. Plaintiff had no relationship with defendants and had not consented to the call.

20. Defendants either negligently or wilfully violated the rights of plaintiff and other recipients in placing the calls.

21. Plaintiff suffered damages as a result of receipt of the call. Furthermore, plaintiff's statutory right of privacy was invaded.

22. Plaintiff is entitled to statutory damages.

23. Defendants violated the TCPA even if their actions were only negligent.

24. Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

25. Plaintiff incorporates paragraphs 1-24.

26. The TCPA provides, at 47 U.S.C. §227(b):

**Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– . . .**

> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;**

**(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);directs the Federal Communications Commission, 47 U.S.C. §227(c), . . .**

27. Plaintiff had not consented to defendants' communications.

28. The TCPA provides, 47 U.S.C. §227(b)(3) provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

29. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of

this action (28 U.S.C. §1658), (c) received calls on a cell or residential phone (d) using an artificial or recorded voice (d) placed by defendants.

30. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

31. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;

    b. The manner in which defendants compiled or obtained their list of telephone numbers;

    c. Whether defendants obtained the consent of the called parties;

    d. Whether defendants thereby violated the TCPA;

32. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

33. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring

individual actions.

35. Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield*

*Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

36. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

37. WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Statutory damages;

    b. An injunction against the further transmission of unsolicited fax advertising;

    c. Costs of suit;

    d. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

38. Plaintiff incorporates paragraphs 1-24.

39. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making an unauthorized robocall to plaintiff's cell phone.

40. Defendants' conduct is contrary to public policy, as set forth in the TCPA.

41. Plaintiff suffered damages as a result of receipt of the call.

42. Defendants engaged in such conduct in the course of trade and commerce.

43. Defendants should be enjoined from committing similar violations in the future.

**CLASS ALLEGATIONS**

44. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls using an artificial or recorded voice (d) placed by defendants.

45. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

46. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;

    b. The manner in which defendants compiled or obtained their list of telephone numbers;

    c. Whether defendants thereby violated the TCPA.

47. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

48. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

49. A class action is the superior method for the fair and efficient adjudication of this

controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

50.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendants for:

    a.    Compensatory and punitive damages;

    b.    An injunction against further violations;

    c.    Attorney's fee, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on August 31, 2015, I caused a true and accurate copy of the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, a copy of which will be served on the following counsel of record by the Clerk's CM/ECF system:

Randall A. Hack
Brian I. Hays
Aaron P. Hersch
Locke Lord LLP
111 S. Wacker Drive
Chicago, IL 60606
(312) 443-0700
(312) 896-6707 (FAX)
*Counsel for Illinois Farmers Insurance Company*

David P. Cutler
Cutler & Hull
70 West Madison
Suite 2101
Chicago, IL, 60602
(312) 726-0777
(312) 558-7773 (FAX)
*Counsel for James V. Lombardi Insurance Agency, Inc.*

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603