IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, ) | |
| on behalf of plaintiff and a class, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 15-cv-463 |
| ) | |
| ILLINOIS FARMERS INSURANCE ) | Judge Durkin |
| COMPANY doing business as ) | Magistrate Judge Martin |
| FARMERS INSURANCE, and ) | |
| JAMES V. LOMBARDI ) | |
| INSURANCE AGENCY, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff Scott Dolemba ("Plaintiff" or "Dolemba") on behalf of itself and all others similarly situated, respectfully requests pursuant to Fed. R. Civ. P. 23(b)(3) that the Court enter an order: (1) conditionally certifying the settlement class defined *infra*; (2) preliminarily approving a class action settlement as set forth in the Class Settlement Agreement and Release ("Agreement") attached hereto as Appendix 1; (3) directing notice to the conditionally certified settlement class; and (4) setting dates for exclusions, objections, and a Fairness Hearing.

In support of their motion, plaintiff respectfully states as follows:

     I.   FACTUAL AND PROCEDURAL BACKGROUND

1.  In his Complaint, Plaintiff claimed that defendants James V. Lombardi Agency, Inc. and Illinois Farmers Insurance Company ("Defendants") violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") by placing illegal telemarketing calls to his and others' cell phones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA")

and state law. Defendants deny that they violated the TCPA, but have agreed to settle to avoid the costs and uncertainties of litigation.

2. Counsel for Plaintiff and Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

3. Based upon this review and analysis, and following extensive negotiations over several months including a formal mediation with Hon. Morton Denlow (Ret.), Plaintiff and the Defendants entered into the Settlement Agreement, attached hereto as <u>Appendix 1</u>[1] and summarized herein.

## II. CLASS SETTLEMENT AND NOTICE

4. For settlement purposes only, the parties have stipulated to the certification of a class ("the Settlement Class") defined as follows:

> All persons or entities within the United States whose wireless phone number was placed on lists from which calls were made using an automatic telephone dialing system or an artificial or prerecorded voice to provide information about becoming a Farmers Insurance Agent through the James V. Lombardi Insurance Agency during the Class Period of January 19, 2011 through February 28, 2017.

5. The Settlement Class as defined meets all the requirements of Rule 23. Specifically:

(a) Settlement class members are ascertainable and so numerous that joinder of all members is impracticable; according to records provided by the James V. Lombardi Insurance

---

[1] All capitalized terms not otherwise defined herein are defined in accordance with the definitions set forth in the Settlement Agreement.

- 1 -

Agency, there are approximately 1,323 persons and/or entities who fall under the stipulated definition above.

   (b) There are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among Settlement Class members with respect to the subject matter of the lawsuit;

   (c) The claims of Plaintiff are typical of the claims of Settlement Class members;

   (d) Plaintiff has fairly and adequately protected the interests of the Settlement Class members;

   (e) A class action is superior to other available methods for an efficient adjudication of this controversy; and

   (f) The law firm of Edelman, Combs, Latturner & Goodwin, LLC is qualified to serve as counsel for the Settlement Class.

  6. **Settlement Recovery**. Subject to the terms of the Agreement, Defendants have agreed to a $175,000.00 Settlement Fund (hereinafter "the Settlement Fund") The Settlement Fund will be distributed as follows:

   a. Reasonable costs of notice and administration, not to exceed $6,500.00 will be paid from the Settlement Fund.

   b. Plaintiff's counsel's attorney's fees, which must be approved by the Court. Plaintiff's counsel shall submit a request for attorney's fees in an amount not to exceed $58,333.33 or 1/3 of the Settlement Fund made available to the class. The request will be filed 28 days prior to the deadline for Class Members to submit objections.

   c. Plaintiff Scott Dolemba will apply for an award of up to $7,500 as an incentive award for services as a Settlement Class Representative. Plaintiff's incentive award

must be approved by the Court. This amount shall be in addition to any amount plaintiff may recover as a Settlement Class Member.

    d.  If the deductions described in subparagraphs (a)-(c) are approved by the Court, the Net Settlement Fund (no less than $105,666.67) will be divided pro rata among Settlement Class Members who do not opt-out of the Settlement Class. As there are 1,323 Settlement Class members, Settlement Class members will receive an estimated $105,666.67, Defendant shall pay an estimated $79.86 to each Settlement Class member who does not opt-out of the Class. *Settlement Class members will not need to submit a claim form to receive a check.* In the event one or more checks remains un-negotiated by the void date, a second check will be distributed to those Settlement Class members who negotiated their first checks, assuming the amount of the second check is $10.00 or more. Otherwise, any un-negotiated checks shall be donated on a *cy pres* basis to the Legal Assistance Foundation of Metropolitan Chicago or another recipient approved by the Court. If a second distribution is made and there remain any un-negotiated checks by the void date, the amount of the un-negotiated checks shall likewise be distributed on a *cy pres* basis to the Legal Assistance Foundation of Metropolitan Chicago or another recipient approved by the Court. No portion of the money paid by a Defendant pursuant to the Agreement shall revert to either Defendant.

    e.  All settlement checks shall be void 60 days from the date of issuance and shall so state on the check. Any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to a *cy pres* recipient, recommended by the parties and approved by the Court.

  9.  **Class Notice**. The Agreement provides that, no later than thirty (30) days after the entry of the Preliminary Approval Order, Class Counsel or its designated Settlement Administrator shall cause the Class Notice (in a form substantially similar to that attached hereto as <u>Exhibit B</u> to

- 3 -

Appendix 1), to be sent via first class U.S. mail, postage prepaid to each Settlement Class member identified on the class list provided by the Defendants. Settlement Class members shall have 60 days from the mailing of the notice to request exclusion from the Settlement Class or file an objection to the settlement.

10. The Court should give preliminary approval to the settlement because it is a fair and reasonable compromise of disputed claims wherein, as demonstrated below, each of the requirements for certification of the Settlement Class is met.

    a. **Rule 23(a)(1) -- Numerosity**. Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. Kulins v. Malco, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); Swanson v. American Consumer Industries, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

In the present case, Defendants have represented that, based on a review of their records, and other documents, the call at issue was placed using a list that contained 1,323 wireless telephone numbers. This plainly satisfies the numerosity requirement.

    b. **Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common Questions of Law or Fact Predominate**. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law or fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of

- 4 -

the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. Blackie v. Barrack, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. McClendon v. Continental Group, Inc., 113 F.R.D. 39, 43-44 (D.N.J. 1986); Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987); Spicer v. Chicago Board Options Exchange, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); Alexander Grant & Co. v. McAlister, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

Here, there are questions of law and fact common to the settlement class that predominate over any questions affecting only individual class members. The predominant common questions include:

    (1)    Whether Defendants engaged in a pattern of making calls;

    (2)    Whether Defendants thereby violated the TCPA;

    (3)    The manner in which Defendants compiled or obtained their list of cellular numbers.

The Settlement Class is defined in terms of all persons and entities whose wireless phone number was placed on lists from which calls were made during the class period using an automatic telephone dialing system or an artificial or prerecorded voice to provide information about becoming a Farmers Insurance Agent through the James V. Lombardi Insurance Agency.

Several courts have certified class actions under the TCPA. Holtzman v. Turza, 08 C 2014, 2009 WL 3334909 (N.D. Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); CE Design Ltd. v. Cy's Crabhouse North, Inc., 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Targin Sign Sys. v. Preferred Chiropractic Ctr., Ltd., 679 F.Supp. 2d 894 (N.D. Ill 2010); Garrett v. Ragle Dental Lab, Inc., 10 C 1315, 2010 WL 4074379 (N.D. Ill. Oct. 12, 2010); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Transportation Institute v. Promo Dart, Inc., No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 246 F.R.D. 642 (W.D. Wash. 2007); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Airz. (App.) 94, 50 P.3d 844 (2002); Critchfield Physical Therapy v. Taranto Group, Inc., 293 Kan. 285, 263 P.3d 767 (2011); Karen S. Little, LLC v. Drury Inns, Inc., 306 S.W.3d 577 (Mo. App. 2010).

c. **Rule 23(a)(3) – Typicality**. Rule 23 requires that the claims of the named Plaintiff be typical of the claims of the settlement class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the settlement class definition. By definition, each of the settlement class members has been subjected to the same practice as the named Plaintiff, namely they are persons and entities with cellular phone numbers that, during the

Settlement Class Period, were on a list of individiuals who may have received automated or recorded calls by or on behalf of Defendants, including information about becoming a Farmers Insurance Agent through the James V. Lombardi Insurance Agency.

        d.      **Rule 23(a)(4) -- Adequacy of Representation**.  The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the settlement class. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992).

Plaintiff will fairly and adequately protect the interests of the settlement class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Counsel's qualifications are set forth in Appendix 2.   Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

        e.      **Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy**.  A class action is the superior method for the fair and efficient disposition of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because generally the settlement class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions.  "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." Brady v. LAC, Inc., 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims**

> adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977)

(citations omitted). Another court has noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

Lake v. First Nationwide Bank, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

11. Counsel for Plaintiff and the proposed settlement class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the settlement class members.

12. If the Agreement is terminated or is not consummated or approved for any reason whatsoever, the preliminary certification of the Settlement Class shall be void, and Plaintiff and Defendants shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

### III.  RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests pursuant to Fed. R. Civ. P. 23(b)(3) that the Court enter an order: (1) conditionally certifying the settlement class defined *supra*; (2)

- 9 -

preliminarily approving a class action settlement as set forth in the Class Settlement Agreement attached hereto as <u>Appendix 1</u>; (3) directing notice to the conditionally certified settlement class; and (4) setting dates for exclusions, objections, and a Fairness Hearing.

Respectfully submitted this 7th day of July, 2017.

<u>s/</u> Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
Daniel A. Edelman
Cathleen M. Combs
Dulijaza Clark
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email: dedelman@edcombs.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 7, 2017 Daniel A. Edelman, the foregoing was filed through the Court's electronic filing system, which will send notice to all counsel of record.

      /s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email: dedelman@edcombs.com