## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SCOTT DOLEMBA,                                )
on behalf of plaintiff and a class,           )
                                              )
            Plaintiff,                        )
                                              )
      vs.                                     )        15-cv-463
                                              )
ILLINOIS FARMERS INSURANCE                    )        Judge Durkin
COMPANY doing business as                     )
FARMERS INSURANCE, and                        )
JAMES V. LOMBARDI                             )
INSURANCE AGENCY, INC.,                       )
                                              )
            Defendants.                       )

## PRELIMINARY APPROVAL ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement in the above-captioned matter ("Lawsuit"). The Parties have submitted a Settlement Agreement and Release ("Agreement") that the Court has reviewed, and the Court finds that it is just and proper that the Agreement be preliminarily approved.

It is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1.      The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

2.      Class Members: For settlement purposes only, and in accordance with Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily and conditionally certified as a class action for settlement purposes on behalf of the following class of consumers (hereinafter referred to as the "Settlement Class Members"):

> All persons or entities within the United States whose wireless phone number was placed on lists from which calls were made using an automatic telephone dialing system or an artificial or prerecorded

voice to provide information about becoming a Farmers Insurance Agent through Lombardi Insurance Agency.

3.     Class Representatives and Settlement Class Counsel:  For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court preliminarily certifies the named Plaintiff, Scott Dolemba, as the Settlement Class Representative.  The Court also preliminarily certifies counsel for Plaintiff, Edelman, Combs, Latturner & Goodwin, LLC, as Settlement Class Counsel.  This Court preliminarily finds that Settlement Class Counsel have, and will continue to, fairly and adequately represent the interests of the Settlement Class Members. Plaintiff and Settlement Class Counsel, on behalf of the Settlement Class Members, are authorized to take all appropriate action required or permitted to be taken by the Agreement to effectuate its terms.

4.     Preliminary Class Certification:  For settlement purposes only, the Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the proposed Settlement Class, namely:

- The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

- There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

- The claims of the named Plaintiff are typical of the Settlement Class Members;

- Plaintiff and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

5.　　　For settlement purposes only, the Court preliminarily finds that settlement of the Lawsuit, on the terms and conditions set forth in the Agreement preliminarily appears in all respects fair, reasonable, adequate and in the best interest of the Settlement Class Members and within the range of possible approval, especially in light of the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the Settlement Class Members, and the limited amount of any potential total recovery for the class.　This finding is subject to further consideration at the Final Fairness Hearing.

6.　　　The Third-Party Class Action Administrator:　The Court appoints Class-Settlement.com as Class Administrator to assist in the administration of the Class Settlement and provide notification to Settlement Class Members.　The costs and expenses for the Class Administrator shall be paid subject to the terms of the Agreement.

7.　　　The Class Administrator will be responsible for mailing the approved class action notice to the Settlement Class Members as outlined in the Agreement.

8.　　　Notice Plan:　The Court approves the Plaintiff's Notice Plan as set forth in the Agreement including the form and substance of the written class notice attached thereto as Exhibit B (the "Class Notice"). This Court finds the Plaintiff's proposed Notice Plan as set forth in the Agreement, including the Class Notice, fully satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.　Accordingly, this Court approves the form and content of the Notice Plan and Class Notice.

9.      Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than i.e. no less than 14 days before the Final Fairness Hearing.

10.      The Final Fairness Hearing shall take place before the Honorable Thomas M. Durkin on November 28, 2017 at 9:00 am, at the United States District Court for the Northern District of Illinois, to determine: whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate as to the Settlement Class Members and should be approved; whether Judgment, as provided for in the Settlement, should be entered; payments to Settlement Class Members, the amount of any fees and costs that may be awarded to Settlement Class Counsel, and the amount of any service award that may be awarded to Plaintiff, as provided for in the Settlement. The Court will also hear and consider any properly lodged objections at that time under the process set forth below.

11.      Subject to final approval after the Final Fairness Hearing, all Settlement Class Members who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3) shall be bound by all determinations and judgments in this Lawsuit concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in the Agreement. To be valid, a request for opt-out must be in writing and personally signed by the Settlement Class Member who seeks to be excluded and sent to the Class Administrator, and it must include: (1) the name and address of the Settlement Class Member and (2) a statement to the effect that the Settlement Class Member wishes to be excluded from the Settlement Class. Opt-out requests must be postmarked to the Class Administrator no later than October 23, 2017.

12.     Any Settlement Class Member who has not previously opted-out in accordance with the terms of Paragraph 11 above may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved.  Copies of all written objection papers must be served on Settlement Class Counsel and Defendants' Counsel via U.S. mail and/or facsimile, with any following addresses:

Class Counsel:
Daniel A. Edelman
Edelman, Combs, Latturner
& Goodwin, LLC
20 South Clark St., Ste 1500
Chicago, IL 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379

Attorney for Defendant Illinois Farmers
Insurance Company:
Randall A. Hack
Locke Lord LLP
111 S. Wacker Dr.
Chicago, IL 60606
Telephone:  (312) 443-0700
Facsimile:  (312) 896-6676

Attorney for Defendant James V.
Lombardi Insurance Agency, Inc.:
David P. Cutler
Cutler & Hull
70 West Madison Street
Suite 2101
Chicago, Illinois 60602
Telephone: (312) 726-0777
Facsimile: (312) 558-7773

To the extent necessary or desired, the Settling Parties may respond to any properly filed objections no later than fourteen (14) days before the Final Fairness Hearing.

13.     All proceedings in this Lawsuit are stayed pending final approval of the Class Settlement, except as may be necessary to implement the Class Settlement or comply with the terms of the Settlement.

14.     If the Agreement is terminated or is not consummated for any reason whatsoever, the preliminary certification of the Settlement Class shall be void, and Plaintiff and

Defendants shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

15.    This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. This Court may approve or modify the Settlement without further notice to the Settlement Class.

**IT IS SO ORDERED:**

_____
HONORABLE THOMAS M. DURKIN
United States District Judge

Dated:    7/24/2017